UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA S. LINTHICUM,<br><br>                 Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                 Defendant. | CASE NO. 3:16-cv-05048 JRC<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 22). Defendant has no objection to plaintiff's motion. *See* Dkt. 24.

      The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

1 | *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first
2 | to such agreement and will conduct an independent review to assure the reasonableness of the
3 | fee requested, taking into consideration the character of the representation and results achieved.
4 | *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the
5 | fee agreement is the primary means for determining the fee, the Court will adjust the fee
6 | downward if substandard representation was provided, if the attorney caused excessive delay, or
7 | if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151
8 | (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9 |       Here, the representation was standard, at least, and the results achieved excellent (*see*
10 | Dkt. 23, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  Following remand from this
11 | Court for further consideration (*see* Dkt. 16), plaintiff was awarded benefits. There has not been
12 | excessive delay and no windfall will result from the requested fee.

13 |       Plaintiff's total back payment was $78,767.00 (*see* Dkt. 23, Attachment 3, p. 3). The
14 | Social Security Administration has withheld $19,691.75 for payment of attorney fees.  Plaintiff
15 | has moved for a net attorney's fee of $11,477.60 (*see* Motion, Dkt. 22, p. 1), and the Court has
16 | considered plaintiff's requested gross attorney's fee of $16,500.00 (*see id.*) and the EAJA award
17 | received by plaintiff's attorney in the amount of $5,022.40. *Parish v. Comm'r. Soc. Sec. Admin.*,
18 | 698 F.3d 1215, 1221 (9th Cir. 2012).

19 |       Based on plaintiff's unopposed motion and supporting documents (*see* Dkts. 22, 23
20 | Attachments 1, 2, 3, 4), it is hereby ORDERED that attorney's fees in the amount of $16,500.00
21 | be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).  The Social Security
22 | Administration is to release the remaining backpay (the previously awarded EAJA fees in the
23 | amount of $5,022.40, and the remaining attorney fees withheld by the Administration) to
24 |

1   plaintiff. The net fee of $11,477.60, minus any processing fees allowed by statute should be

2   mailed to Francisco Rodriguez, Attorney at Law, P.O. Box 31844, Seattle, WA 98103.

3       Dated this 31st day of January, 2018.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3